RODRÍGUEZ, PETITIONER, *v.* SEPÚLVEDA, DISTRICT JUDGE, DEFENDANT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Ponce in a case of unlawful detainer.

No. 110.—Decided December 19, 1913.

CERTIORARI—AMENDMENT OF COMPLAINT—WAIVER OF SERVICE.—A party who answers an amended complaint without having been served with the motion for leave to amend or with the amended complaint, is considered to have waived said service by his. own acts and cannot allege lack of notice as an error in a petition for a writ of *certiorari.*

ID.—CASES ORIGINATING IN MUNICIPAL COURTS—AMENDMENT OF PLEADINGS.— District courts, in the exercise of their discretional power, may allow amendments to pleadings including the addition of new parties, in cases originating in municipal courts, and their rulings in this respect will not be reviewed by this court in *certiorari* proceedings except on a very strong showing.

ID.—DEMURRER—DISCRETION OF COURT—ERROR OF PROCEDURE.—Rulings on demurrers cannot be pleaded as errors of procedure in a petition for a writ of *certiorari*, nor do said rulings come under the discretional power of the court in a legal sense, therefore it cannot be pleaded successfully that in such rulings the court abused its discretional power.

ID.—UNLAWFUL DETAINER—DISCRETION OF COURT.—The issuing of a writ of *certiorari* depends upon the exercise of the discretional power of this court, and in order that such writ may issue in a case of unlawful detainer it is necessary that very strong reasons be alleged.

The facts are stated in the opinion.

*Mr. Francisco Jiménez* for petitioner.

The defendant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The petitioner, defendant in an unlawful detainer action, makes application for a writ of *certiorari.* The action of unlawful detainer originated in a municipal court which decided in favor of defendant and petitioner. On appeal the district court, as the petitioner alleges, allowed the complainants to amend the complaint by adding new parties and changing the cause of action. Of this decision of the court the petitioner first complains. He maintains that he was not duly notified (*dado traslado*) of the filing of this amended. complaint nor of the motion for permission to file it. The whole

petition is written in a vague and uncertain manner, but it may be gathered from it that even supposing that error had been committed prejudicial to the petitioner such error was waived by his own subsequent acts, such, among them, as the filing as he did of an answer to the amended complaint.

The district court even on appeal from a municipal court may permit amendments to the pleadings and add new parties. Its discretion in that regard will not be reviewed in *certiorari,* except on a very strong showing which is far from the case before us.

Other acts complained of were decisions on the sufficiency in law of the facts admitted in the pleadings to enable complainants to recover judgment. The rule is that the action of the court in overruling or sustaining a demurrer is not an error of procedure but is the exercise of the judicial mind in deciding a point of law. Neither is such action of the court an exercise of a discretion which would permit a party to speak of an abuse of discretion as the phrase is understood in the law. The judge in the case of a demurrer and the like is bound to decide according to the law and if he decides wrong he commits an error, but his decision is not discretional.

The issue of the writ of *certiorari* is discretional in this court. Hence, in the proceedings that lead up to judgment in an unlawful detainer case where the Legislature has prescribed a rapid mode of judgment, a strong case must be presented before the court will exercise such discretion.

The writ must be denied.

*Writ of certiorari denied.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.